# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUN JU SHIN, et al. | Case No. 1:18-cv-0381-AWI-SKO |
| Plaintiffs, | **ORDER GRANTING MOTION TO AMEND COMPLAINT AND MOTION FOR LEAVE TO FILE COUNTER-COMPLAINT** |
| v. | |
| ROBERT YOUNG YOON, et al., | |
| Defendants. | (Docs. 35, 36) |

## I.   INTRODUCTION

Before the Court are opposing motions to amend the pleadings in this case.  On January 28, 2019, Plaintiffs Su Jung Shin and Hyun Ju Shin ("Plaintiffs") filed a motion to amend the complaint. (Doc. 36.)  On the same day, Defendants Y & Y Property Management, Inc., Kyoung Sup Yoon, Kyoung Mee Yoon, and Robert Young Yoon ("Counter-Claimants") filed a motion for leave to file a counter-complaint.  (Doc. 35.)  Plaintiffs filed a brief in opposition to Counter-Claimants' motion for leave to file a counter-complaint.  (Doc. 38.)  Counter-Claimants along with Defendants Blackstone Seattle, LLC and the Victus Group, Inc., (collectively, "Defendants"), filed an opposition to Plaintiffs' motion to amend the complaint.  (Doc. 40).  Both

1  parties filed reply briefs.  (Docs. 41, 42.)  After having reviewed the parties' papers and all

2  supporting material, the matter was deemed suitable for decision without oral argument pursuant

3  to Local Rule 230(g), and the hearing was vacated on February 21, 2019.  (Doc. 43.)

4        For the reasons set forth below, Plaintiffs' motion to amend the complaint and Counter-

5  Claimants' motion for leave to file a counter-complaint, are GRANTED.[1]

## II.   BACKGROUND

7        On March 20, 2018, Plaintiffs filed a complaint alleging Defendants[2] fraudulently induced

8  Plaintiffs to contribute to various real estate investments based upon the misrepresentation that

9  Defendants would make and manage the investments on behalf of Plaintiffs, including the

10  purchase and improvement of the Best Western Village Inn in Fresno, California ("Best

11  Western").  (Doc. 1 ("Compl.").)  The complaint alleges seven causes of action: 1) Breach of

12  Fiduciary Duty, 2) Conversion, 3) Intentional Misrepresentation, 4) Concealment, 5) False

13  Promise, 6) Negligent Misrepresentation, and 7) To Set Aside Voidable Transfer of Assets.  (*Id.*

14  ¶¶ 27–111.)  Among other claims, Plaintiffs allege Defendants Robert Young Yoon, Kyoung Mee

15  Yoon, and Kyoung Sup Yoon breached their fiduciary duty to Plaintiffs by mismanaging,

16  illegally transferring, and embezzling millions of dollars that Plaintiffs invested in certain

17  business ventures and real estate projects.  (*Id.* ¶¶ 28–59.)

18        Defendants filed answers, denying the allegations and contending they managed the

19  investments and the Best Western in good faith.  (*See* Docs. 10–14, 17.)  On July 23, 2018, the

20  Court entered a Scheduling Order setting forth the pertinent pretrial dates, including a deadline of

21  January 28, 2019, to amend the pleadings. (Doc. 23.)

22

---

23  [1] The Court notes that the parties' briefing on Counter-Claimants' motion for leave to file a counter-complaint
contains essentially the same arguments as the briefing on Defendant Robert Young Yoon's motion to amend the

24  counter-complaint in the related case, *Shin v. Young, et al.*, Case No. 1:17–cv–01371–AWI–SKO (see docket entries
40–42).  Accordingly, the Court's analysis follows that of the order on the motion to amend the counter-complaint in

25  the related case.
[2] Defendant Robert Young Yoon is Plaintiffs uncle, and the five other defendants are Plaintiffs' aunt, Kyoung Mee

26  Yoon; Plaintiffs' first cousin, Kyoung Sup Yoon; and three entities, Y & Y Property Management, Inc., The Victus
Group, Inc., and Blackstone Seattle, LLC, that are owned and/or controlled by Defendant Robert Young Yoon and

27  the other two individual defendants.  (Compl. ¶¶ 17–18.)  The motion for leave to file a counter-complaint is brought
only by Defendants Y & Y Property Management, Inc., Kyoung Sup Yoon, Kyoung Mee Yoon, and Robert Young

28  Yoon, and not the Victus Group, Inc. or Blackstone Seattle, LLC, which were named as co-defendants in the original
complaint.

**A.    Plaintiffs' Motion to Amend the Complaint**

On January 28, 2019, Plaintiffs filed a motion to amend the complaint seeking to add a derivative claim on behalf of Y & Y Property Management, Inc., a co-defendant business entity allegedly formed by Defendant Robert Young Yoon for the acquisition of the Best Western. (Doc. 36 at 4; *see also* Doc. 36-1 ("Proposed Am. Compl.") ¶¶ 37–38.)  Plaintiffs' motion also seeks to clarify previously alleged factual allegations and add the following four causes of action: 1) Eighth of Cause of Action for Imposition of Construction Trust and Order of Conveyance for Wrongful Transfers, 2) Ninth Cause of Action for Declaratory Relief, 3) Tenth Cause of Action for Conspiracy, and 4) Eleventh Cause of Action for Violation of Business & Professions Code Section 17200 *et seq.*  (Doc. 36 at 4.)

Plaintiffs contend that "Defendants served their first production of documents" on December 21, 2018, and based on those documents, "Plaintiffs have greater reason to believe that Defendants may have converted assets and funds held and/or owned by" Y & Y Property Management, Inc.  (Doc. 36 at 4.)  According to Plaintiffs, the newly-discovered evidence "suggest[s] that [Defendant Robert Young Yoon] may have misappropriated and/or mismanaged the assets and funds of Y & Y Property Management, Inc.," which supports Plaintiffs' additional claims in the proposed amended complaint.  (*Id.* at 6.)

Defendants contend Plaintiffs unduly delayed filing their motion and "essentially rewrote their original complaint," prejudicing Defendants' "ability to defend the case and make counter-claims."  (Doc. 40 at 3.)  Defendants also claim the proposed amendments are in bad faith because Plaintiffs were aware of the additional allegations when they filed the original complaint. Defendants further contend the proposed amendments are futile because Plaintiffs failed to plead the additional claims with particularity and the claims are barred by the applicable statutes of limitations.  (*Id.* at 4–7.)  Finally, should this Court grant Plaintiffs' motion for leave to file the amended complaint, Defendants "request that this Court continue the trial for another 12 months and modify the existing Scheduling Order accordingly."[3]  (*Id.* at 7.)

---

[3] Plaintiffs oppose Defendants' request to amend the scheduling order as premature (Doc. 41 at 8.)  As set for below (*see infra* Section III.B.3), the Court denies Defendants' request for failing to comply with Rule 16 of the Federal Rules of Civil Procedure.

1    Plaintiffs respond that there is no prejudice because the theories of liability have not

2    changed, and the amendments "simply provide more particular facts to support Plaintiffs' original

3    pleading." (Doc. 41 at 3.)   Plaintiffs also assert that there is no undue delay because they filed

4    their motion to amend only after the parties' "extensive settlement negotiations" broke down and

5    they reviewed Defendants' first document production, which revealed new facts supporting the

6    new claims in the amended complaint.  (*Id.* at 4–5.)   Plaintiffs further contend the proposed

7    amendments are not futile because the new causes of action are pled with particularity and not

8    time-barred.  (*Id.* at 5–8.)

9    **B.     Counter-Claimants' Motion for Leave to File a Counter-Complaint**

10    Counter-Claimants filed a motion for leave to file a counter-complaint, seeking to allege

11    five causes action related to Plaintiffs' alleged misappropriation of funds from the estate of

12    decedent Young Soon Yoon—Defendant Robert Young Yoon's deceased sister and Plaintiffs'

13    mother.  (Doc. 35 at 2–3; *see also* Doc. 35-3 ("Proposed Countercl.").)   The proposed counter-

14    complaint alleges a cause of action for declaratory relief seeking two judicial determinations: (1)

15    Plaintiffs have no interest in Y & Y Property Management, Inc. (Proposed Countercl. ¶ 51), and

16    (2) based on Defendant Robert Young Yoon's status as successor-in-interest to Young Soon

17    Yoon's estate, Plaintiffs do not have standing for any of the causes of action in their complaint.

18    (*Id.* ¶ 53.)   The proposed counter-complaint alleges the following other four causes of action: 1)

19    Fraud, 2) Negligent Misrepresentation, 3) To Set Aside Voidable/Fraudulent Transfer of Assets,

20    and 4) Failure to Pay Unpaid Wages.  (Doc. 35 at 1; *see also* Proposed Countercl. ¶¶ 33–48, 54–

21    67.)

22    Counter-Claimants allege that in 2005, Young Soon Yoon gave Defendant Robert Young

23    Yoon $3,000,000 to invest in real estate in the United States and formed Y & Y Enterprises, LLC

24    "to deposit the investment funds."  (Proposed Countercl. ¶ 10.)   In 2006, Defendant Robert

25    Young Yoon formed Y & Y Property Management, Inc., and Y & Y Enterprises, LLC invested

26    $2,100,000 in Y & Y Property Management, Inc. to purchase the Best Western.  (*Id.* ¶¶ 12–13.)

27    Young Soon Yoon passed away in 2009, and "from around the time Young Soon Yoon was

28    diagnosed with terminal cancer and forward," Plaintiffs represented to Defendant Robert Young

4

1 Yoon that they would inherit or had inherited all their mother's financial interests, including any

2 interest in Y & Y Property Management, Inc., and Y & Y Enterprises, LLC. (*Id.* ¶¶ 16, 18.)

3 Counter-Claimants allege that despite Plaintiffs' representation that they were successors-in-

4 interest to Young Soon Yoon's estate, Defendant Robert Young Yoon recently spoke with a

5 Korean lawyer and learned that Plaintiffs waived any rights of succession to Young Soon Yoon's

6 estate by irrevocably signing a "Refusal to Succession" in 2009. (*Id.* ¶¶ 20, 29.) Accordingly, on

7 January 21, 2019, the Seoul Family Court in Korea appointed Defendant Robert Young Yoon as

8 successor-in-interest to Young Soon Yoon's estate. (*Id.* ¶ 1.)

9 Counter-Claimants allege that in 2008, Plaintiffs were each provided a 25% interest in Y &

10 Y Property Management, Inc., the entity Defendant Robert Young Yoon formed to purchase the

11 Best Western, in exchange for each Plaintiff's separate loan of $300,000 to Y & Y Enterprises,

12 LLC, the entity that invested in Y & Y Property Management, Inc. for the purchase of the Best

13 Western. (*Id.* ¶¶ 13, 22.) Plaintiffs created fake promissory notes and stock certificates "which

14 reflected their investment of that money in [Y & Y Property Management, Inc.'s] Best Western."

15 (*Id.*) Plaintiffs also created additional promissory notes indicating they each loaned an additional

16 $200,000 to Y & Y Enterprises, LLC. (*Id.* ¶ 23.) Plaintiff Hyun Ju Shin also created fraudulent

17 documents to transfer Young Soon Yoon's interest in the Best Western and other businesses to

18 herself. (*Id.* ¶ 24.) As a result of Defendant Robert Young Yoon's recent appointment as

19 successor-in-interest to Young Soon Yoon's estate and his new understanding of Plaintiffs'

20 waiver of any right of succession to the estate by irrevocably signing the "Refusal of Succession,"

21 Counter-Claimants seek leave to file a counter-complaint for damages and declaratory relief

22 against Plaintiffs. (Doc. 35 at 3–4.)

23 Plaintiffs, in turn, contend they would be prejudiced if a counter-complaint is permitted,

24 and Counter-Claimants unduly delayed in filing their motion. Plaintiffs assert there is "strong

25 suspicion" Counter-Claimants seek to file the counter-complaint in bad faith, and the counter-

26 complaint is futile because Counter-Claimants failed to plead the counterclaims with particularity

27 and the claims are barred by the statute of limitations. (Doc. 38 at 7–13.) Counter-Claimants

28 respond that there is no prejudice to Plaintiffs because the proposed counter-complaint pertains to

the same nucleus of facts as Plaintiffs' complaint and Counter-Claimants filed the proposed counter-complaint without undue delay. (Doc. 42 at 3–5.) Counter-Claimants also assert that the amended causes of action are pled with particularity and are not time-barred. (*Id.* at 5–8.)

## III.  DISCUSSION

**A.  Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)–(2). Pursuant to Rule 13 of the Federal Rules of Civil Procedure, the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e).

"In determining whether a party should be allowed to file a supplemental pleading asserting a counterclaim, courts use Federal Rule of Civil Procedure 15's standard for granting leave to amend." *F.D.I.C. v. Twin Dev., LLC*, No. 10–cv–2279–BEN–KSC, 2012 WL 1831639, at *6 (S.D. Cal. May 18, 2012) (citing *Healy v. DJO*, LLC, No. 11 cv673–IEG (JMA), 2012 WL 474482, at *1 (S.D. Cal. Feb. 14, 2012) and *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 947–48 (C.D. Cal. 1996)).

The Ninth Circuit has instructed that the policy favoring amendments under Rule 15 "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.* 833

6

F.2d at 186. "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at \*1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

"Undue prejudice means substantial prejudice or substantial negative effect[.]" *Conte v. Jakks Pac., Inc.*, 981 F. Supp. 2d 895, 908–09 (E.D. Cal. 2013) (quotations omitted), *aff'd*, 563 Fed. Appx. 777 (Fed. Cir. 2014). "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians*, 893 F.2d at 1079). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). "[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend." *Conte*, 981 F. Supp. 2d at 908–09. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Under *Foman*, districts courts may also consider undue delay and bad faith by the moving party in assessing motions to amend pleadings. *Foman*, 371 U.S. at 182. "Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). "Examples of bad faith have included––but are not limited to—instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Stearns*, 763 F. Supp. 2d at 1159.

7

1    "Leave to amend may be denied if the proposed amendment is futile or would be subject to

2    dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United*

3    *States*, 928 F.2d 829, 843 (9th Cir. 1991)). "[A] proposed amendment is futile only if no set of

4    facts can be proved under the amendment to the pleadings that would constitute a valid and

5    sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

6    "[P]roposed amendments are futile when they are either duplicative of existing claims or patently

7    frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).

8    "However, denial on this ground is rare and courts generally defer consideration of challenges to

9    the merits of a proposed amended pleading until after leave to amend is granted and the amended

10   pleading is filed." *Clarke*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v.*

11   *Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

12   **B.     Analysis**

13           **1.   Plaintiff's Motion to Amend the Complaint**

14                  **a.   Defendants Are Not Unduly Prejudiced by Plaintiffs' Proposed
                          Amendments to the Complaint**
15

16           Defendants assert they will be prejudiced if Plaintiffs are allowed to amend their complaint

17   because they would "incur the added expense of defending completely new facts and the

18   allegations based on the" proposed amended complaint.  (Doc. 40 at 4.)  Plaintiffs contend there

19   is no undue prejudice because "the legal theories in the original pleading and the proposed

20   amended pleading are the same: that Defendants fraudulently induced Plaintiffs to invest in

21   various investments controlled by Defendants based on misrepresentations that Defendants would

22   make and manage the investments on behalf of Plaintiffs."  (Doc. 41 at 2–3.)

23           As examples of the "new claims" in the proposed amended complaint, Defendants contend

24   Plaintiffs added "certain representations" in regard to Defendant Robert Young Yoon and "his

25   entities' ability to manage real estate," as well as Plaintiffs' claim "that the persons and entities

26   who invested in Best Western are Plaintiffs themselves and Yoon & Yoon Investments,[4] which

27   ───────────────

     [4] According to Plaintiffs' proposed amended complaint, Defendant Robert Young Yoon merged Yoon & Yoon
28   Investments with Y & Y Enterprises, LLC in May 2011, and Yoon & Yoon Investments assumed all Y & Y
     Enterprises, LLC's assets and liabilities.  (Proposed Am. Compl. ¶ 45.)

                                                     8

1  they own." (Doc. 40 at 3 (citing Proposed Am. Compl. ¶¶ 27–30, 33–34, 47, 52).)  Plaintiffs'

2  original complaint alleges that Defendants fraudulently induced Plaintiffs to contribute money to

3  various business entities and real estate investments controlled by Defendants.  (*See* Compl. ¶¶

4  32–42.)

5        These "new claims," however, merely add details to Plaintiffs' claims of fraudulent

6  conduct in their original complaint, and therefore, do not unduly prejudice Defendants because

7  they do not "greatly alter[] the nature of the litigation" and require Defendants to undertake "an

8  entirely new course of defense." *Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming

9  the district court's denial of a motion to amend where the new claims would be a "radical shift in

10  direction" of the case); *Jackson*, 902 F.2d at 1387 (affirming denial of motion to amend where the

11  proposed amendments included "additional claims advance[ing] different legal theories and

12  requir[ing] proof of different facts").

13        Additionally, while Defendants will have to conduct additional discovery regarding

14  Plaintiffs' new claims, "these costs attend any litigation, and considering that this case is in its

15  infancy, it is difficult to understand how Defendant[s] will be prejudiced by an amendment

16  requested in accordance with a deadline of which Defendant had notice." *Manlin v. Ocwen Loan*

17  *Servicing LLC*, No. CV 16-06625-AB (KSX), 2017 WL 8181140, at *2 (C.D. Cal. Mar. 8, 2017);

18  *see also Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal.

19  2018) ("[T]he expenditure of additional monies or time do not constitute undue prejudice.").

20  This is particularly true given that this case is in its early stages—the fact discovery cut-off is not

21  until December 2019 and trial is set for May 2020. *Miramontes v. Mills*, No. CV 11–08603–

22  MMM–SS, 2015 WL 13609449, at *4 (C.D. Cal. May 18, 2015) ("The fact that a defendant must

23  take some additional discovery related to newly asserted claims does not alone demonstrate

24  prejudice or weigh against granting leave to amend given the early stage of the litigation.").

25  Accordingly, the Court finds granting Plaintiffs' motion to amend their complaint would not

26  unduly prejudice Defendants.

27                    **b.  Plaintiffs Did Not Unduly Delay Filing the Proposed Amendments to the**
                         **Complaint or Seek the Amendments in Bad Faith**
28

9

1    Defendants contend Plaintiffs unduly delayed in filing their motion because Plaintiffs

2    knew of the newly-alleged facts since filing the original complaint.  (Doc. 40 at 4–5.)  Defendants

3    also assert Plaintiffs changed key facts in bad faith.  Specifically, Defendants contend Plaintiffs

4    changed the allegation regarding the "central issue" in the case by changing who invested funds

5    in Y & Y Enterprises, Inc. from Yoontex Inc. (a corporation formed by Plaintiff Hyun Ju Shin

6    and in which she held a 40% interest) to Plaintiff Hyun Ju Shin personally.  (*Id.* at 5.)  Defendants

7    further contend the amendment is not based on newly-discovered facts because Plaintiff Hyun Ju

8    Shin "would have known that she made the investment all along."  (*Id.* at 4.)

9        Plaintiffs proposed amended complaint does not change the "central issue" of the case.

10   The original complaint alleges Plaintiff Hyun Ju Shin "through Yoontex, Inc. ('Yoontex'), a

11   corporation registered on June 25, 2001 in the Republic of Korea, invested as capital

12   contributions to YY Enterprises . . . a total of approximately $3,130,000."  (Compl. ¶ 32.)  The

13   proposed amended complaint alleges "in or about 2005 through 2008, [Plaintiff Hyun Ju Shin]

14   provided investment funds equal [sic] in excess of $3,130,000."  (Proposed Am. Compl. ¶ 34.)

15   Both the original complaint and the proposed amended complaint allege Plaintiff Hyun Ju Shin

16   was the source of the $3,130,000 investment; therefore there is no change to the "central issue" of

17   this case.

18        As Defendants only identify this $3,130,000 investment as evidence of undue delay and

19   bad faith, the Court finds Defendants have failed to satisfy their burden of showing Plaintiffs'

20   motion was brought in bad faith or with undue delay.  *Leitner v. Sadhana Temple of New York,*

21   *Inc.*, No. CV 13-07902 MMM (EX), 2014 WL 12591666, at *6 (C.D. Cal. May 8, 2014)

22   ("Defendants bear the burden of showing that a plaintiff has acted in bad faith."); *Stoddart v.*

23   *Express Servs., Inc.*, No. 2:12-CV-01054-KJM, 2015 WL 1812833, at *2 (E.D. Cal. Apr. 20,

24   2015) (granting the plaintiff's motion to amend the complaint and finding that the defendants

25   "have not met their burden of showing 'strong evidence' of undue delay, undue prejudice, bad

26   faith, futility, or dilatory motive on plaintiff's part") (citing *Sonoma Cnty. Ass'n of Retired*

27   *Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)).

28              **c.  Plaintiffs' Proposed Amendments to the Complaint Are Not Futile**

10

1      Defendants contend permitting Plaintiffs to amend their complaint to allege the fraud-

2  related claims would be futile, because under the applicable standard for a motion to dismiss

3  under Rule 12(b)(6), the claims would be subject to dismissal due to Plaintiffs' failure to plead

4  these claims with particularity as required by Rule 9(b).  (Doc. 40 at 6.)  Defendants further

5  contend Plaintiffs' proposed new claims would be subject to dismissal because they are barred by

6  the statute of limitations.  (*Id.* at 6–7.)  Plaintiffs respond that the proposed amended complaint is

7  sufficiently pled because the fraud claims are pled with particularity.  (Doc. 41 at 5–7.)  Plaintiffs

8  contend that the new causes are not time-barred because under the doctrine of delayed discovery,

9  which provides that fraud claims do not accrue until the aggrieved party discovers the facts

10 constituting the fraud (*see* Cal. Civ. Proc. Code § 338(d)), the claims did not accrue until 2015

11 when "Plaintiffs started to suspect something was amiss."  (*Id.* at 7–8.)

12      Even if Defendants are correct and the proposed amended complaint would subject to

13 dismissal on a motion to dismiss under Rule 12(b)(6), Plaintiffs' proposed amendments are not

14 "patently frivolous" because these deficiencies may be cured by pleading the fraud claims with

15 greater particularity and setting forth the relevant time periods and events under the doctrine of

16 delayed discovery.  *See Murray*, 745 F.3d at 1015.  Therefore, the Court will "defer consideration

17 of challenges to the merits of a proposed amended pleading until after leave to amend is granted

18 and the amended pleading is filed."  *Clarke*, 703 F. Supp. 2d at 1043; *see also DCD Programs,*

19 *Ltd.*, 833 F.2d at 186 ("[A] motion to make an amendment is to be liberally granted where from

20 the underlying facts or circumstances, the plaintiff may be able to state a claim.") (internal

21 quotations omitted).

22      Additionally, in view of the Ninth Circuit's directive that leave to amend be granted with

23 "extreme liberality," courts generally decline to reach the merits of such a dispute where the

24 parties can more fully brief and argue the issues on a motion to dismiss.  *Kendrick v. Cty. of San*

25 *Diego*, No. 15CV2615–GPC(RBB), 2017 WL 2692903, at *7 (S.D. Cal. June 22, 2017)

26 ("Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better

27 left for briefing on a motion to dismiss."); *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013

28 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not

11

1  properly decided in a motion for leave to amend and should instead be attacked by a motion to

2  dismiss for failure to state a claim or for summary judgment."). Accordingly, the Court "will

3  decline the invitation to convert [Plaintiffs'] motion for leave to amend into a motion to dismiss."

4  *dpiX LLC v. Yieldboost Tech, Inc.*, No. 14–cv–05382–JST, 2015 WL 5158534, at \*4 (N.D. Cal.

5  Sept. 2, 2015); *see also Gutterglove Inc. v. Lasell*, No. CV 17–1372 WBS CKD, 2018 WL

6  1920080, at \*1 (E.D. Cal. Apr. 24, 2018) ("While courts will determine the legal sufficiency of a

7  proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such

8  issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a

9  motion for leave to amend.") (quoting *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086); *United*

10  *States v. Univ. of Phoenix*, No. 2:10–cv–02478–MCE–KJN, 2011 WL 4971979, at \*2 (E.D. Cal.

11  Oct. 19, 2011) (finding it "premature" to consider the legal sufficiency of the plaintiff's amended

12  complaint "under the guise of considering Defendants' Opposition").

13        **2. Counter-Claimants' Motion for Leave to File a Counter-Complaint**

14  
15            **a. Plaintiffs Are Not Unduly Prejudiced by Counter-Claimants' Proposed Counter-Complaint**

16        Plaintiffs assert they would be prejudiced if the Court permits the filing of a counter-

17  complaint because Counter-Claimants seek to allege "newly concocted legal theories ten years

18  after learning of them and over a year into the litigation." (Doc. 38 at 7.) Plaintiffs contend they

19  will have difficulty obtaining bank records "that prove that the transfer they made in 2008 and

20  2009 originated from their funds" and not the funds of their deceased mother, Young Soon Yoon.

21  (*Id.* at 8.) However, Plaintiff's complaint alleges facts related to Defendants' misuse of funds

22  from the same time-period for purposes of purchasing and improving the Best Western. (*See*

23  Compl. ¶¶ 36–40.) As a result, the proposed counter-complaint does create a "radical shift in

24  direction" of the case that would unduly prejudice Plaintiffs. *Morongo Band of Mission Indians*,

25  893 F.2d at 1079 (affirming the district court's denial of a motion to amend where the new claims

26  would be a "radical shift in direction" of the case); *see also, e.g.*, *Serpa v. SBC*

27  *Telecommunications, Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) ("[T]he defendants need

28

1    not radically change their litigation strategy in order to accommodate the proposed ERISA

2    claims, so defendants cannot claim substantial prejudice.").

3         Additionally, the proposed counter-complaint will not unnecessarily increase the costs of

4    this litigation because "these costs attend any litigation," and with a fact discovery cut-off of

5    December 13, 2019, Plaintiffs have ample time to conduct the necessary discovery. *Manlin*, 2017

6    WL 8181140, at *2; *see also Weiland Sliding Doors & Windows, Inc. v. Panda Windows &*

7    *Doors, LLC*, No. 10CV677 JLS AJB, 2011 WL 182005, at *3 (S.D. Cal. Jan. 18, 2011) (finding

8    the defendant "will not suffer prejudice warranting the denial of leave to amend" where "the end

9    of the discovery period is not yet in sight"). "Neither delay resulting from the proposed

10    amendment nor the prospect of additional discovery needed by the non-moving party in itself

11    constitutes a sufficient showing of prejudice." *Stearns*, 763 F. Supp. 2d at 1158; *see also James*

12    *ex rel. James Ambrose Johnson, Jr., 1999 Tr. v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012

13    WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("Although it may incur additional time and

14    expense, UMGR will not have to radically change its litigation strategy in order to defend

15    against" the amendments to the complaint.). Accordingly, the Courts finds Plaintiffs will not

16    suffer prejudice warranting the denial of Counter-Claimants' motion for leave to file the proposed

17    counter-complaint.

18
19        **b. Counter-Claimants Did Not Unduly Delay Filing the Proposed Counter-Complaint or Seek to File the Counter-Complaint in Bad Faith**

20        Plaintiffs contend Counter-Claimants unduly delayed seeking leave to file a counter-

21    complaint, and there is a "strong suspicion of bad faith" because Counter-Claimants have been

22    aware of the basis for the alleged claims since 2009. (Doc. 38 at 8–9.) Counter-Claimants

23    respond that after filing their answers in July 2018, Defendant Robert Young Yoon learned that

24    Plaintiffs did not succeed their mother Young Soon Yoon's estate, despite Plaintiffs'

25    representations since 2009 to the contrary. (Doc. 42 at 3–4.) Defendant Robert Young Yoon also

26    consulted with a Korean lawyer in November 2018, who informed him of the legal consequences

27    of Plaintiffs' "Refusal of Succession" to Young Soon Yoon's estate and that Plaintiffs had no

28    right to any of Young Soon Yoon's assets. (*Id.*)

1      Counter-Claimants filed their motion for leave to file a counter-complaint on January 28,

2 2019. (Doc. 35.) The deadline to file a motion to amend the pleadings was January 28, 2019.

3 (Doc. 23 at 2.) Defendant Robert Young Yoon was appointed as a successor-in-interest to Young

4 Soon Yoon's estate on January 21, 2019—only seven days before Counter-Claimants filed their

5 motion for leave to file a counter-complaint. Considering Counter-Claimants diligent efforts to

6 file a motion before the deadline to amend the pleadings and Plaintiffs lack of opposition to the

7 request for declaratory relief brought in the capacity as the successor-in-interest to Young Soon

8 Yoon's estate,[5] the Court declines to find that Counter-Claimants unduly delayed in filing their

9 motion. There is also no indication that Counter-Claimants seek to file a counter-complaint

10 purely to harass or burden Plaintiffs because the proposed counterclaims relate to newly-

11 discovered facts. In view of the "extreme liberality" with which this Court should grant leave to

12 amend (*Morongo Band of Mission Indians*, 893 F.2d at 1079), the Court declines to deny

13 Counter-Claimants' motion for leave to file a counter-complaint based on undue delay or bad

14 faith.

15                   **c. Counter-Claimants' Proposed Counter-Complaint Is Not Futile**

16      Plaintiffs make the same arguments against Counter-Claimants' proposed counter-

17 complaint as those made by Defendants against Plaintiffs' proposed amended complaint.

18 Plaintiffs contend that if the Court applies the same standard as a motion to dismiss under Rule

19 12(b)(6), Counter-Claimants' counter-complaint would be futile because the fraud-related claims

20 are not pled with particularity and are barred by the statute of limitations. (Doc. 38 at 10–13.)

21 Counter-Claimants respond that the proposed counter-complaint is sufficiently pled because the

22 fraud claims are pled with particularity and the new causes of action only arose in "mid-2018 or

23 November 2018" when Defendant Robert Young Yoon discovered Plaintiffs' fraud. (Doc. 42 at

24 5–8.)

25      As set forth above regarding the same arguments on the motion for an amended complaint

26 (*see supra* Section III.B.1.a), even if the proposed counter-complaint would be subject to

27

28 [5] The Court notes that while Plaintiffs specifically address the causes of action in the proposed counter-complaint for fraud and negligent misrepresentation, Plaintiffs do not contend the request for declaratory relief in Defendant Robert Young Yoon's capacity as the successor in interest to Young Soon Yoon's estate is futile or brought in bad faith.

14

1  dismissal on a motion to dismiss under Rule 12(b)(6), the counter-complaint is not "patently

2  frivolous." *See Murray*, 745 F.3d at 1015.  The alleged deficiencies in the counter-complaint

3  may be cured by pleading the fraud claims with greater particularity and alleging the

4  circumstances under which Counter-Claimants discovered Plaintiffs' fraudulent conduct.  As

5  with Plaintiffs' motion to amend the complaint, the Court will "defer consideration of challenges

6  to the merits of" Counter-Claimants' motion "until after leave to amend is granted and the

7  amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043; *see also DCD Programs, Ltd.*, 833

8  F.2d at 186 ("[A] motion to make an amendment is to be liberally granted where from the

9  underlying facts or circumstances, the plaintiff may be able to state a claim.") (internal quotations

10  omitted).

11      Plaintiffs cite *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11–CV–

12  00030 AWI SMS, 2013 WL 398664, at *6 (E.D. Cal. Jan. 31, 2013), in support of their assertion

13  that a motion to amend should be denied for futility where the moving party fails to allege a fraud

14  claim with sufficient particularity.[6]  However, the court in *Foster Poultry* also found that the

15  plaintiff's motion to amend the complaint was untimely and allowing the proposed amendments

16  to the complaint would be prejudicial to the defendants.  *Id.* at *6.

17      Here, there are no findings that Counter-Claimants delayed filing their motion or that

18  Plaintiffs would be unduly prejudiced by defending against the counter-complaint.  Therefore, the

19  Court rejects Plaintiffs' assertion that *Foster Poultry* requires Counter-Claimants' motion be

20  denied.  *See DCD Programs, Ltd.*, 833 F.2d at 186 (noting that in exercising its discretion to

21  grant a motion to amend the complaint, "a court must be guided by the underlying purpose of

22  Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities"); *see*

23  *also SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086 (noting that the *Foman* factors "are not to be

24  understood rigidly or applied mechanically; courts are instead counselled to 'examine each case

25

26  [6] Plaintiffs cite a second case for this same proposition, *Kasick v. City of Hemet*, No. CV 09–1849–VBF(PLA), 2009 WL 10673957 (C.D. Cal. Oct. 28, 2009).  (Doc. 38 at 10.)  However, the Court notes that *Kasick* did not consider the sufficiency of the pleadings for purposes of a motion to amend.  Instead, the court in *Kasick* found the plaintiff's

27  complaint failed to plead fraud with sufficient particularity for purposes of a motion to dismiss—the same motion Plaintiffs may file in this case to attack the sufficiency of the pleadings in Counter-Claimants' counter-complaint.

28  *Kasick*, 2009 WL 10673957, at *5 ("For the foregoing reasons, **Defendants' Motion to Dismiss** the ninth cause of action for fraud is granted.") (emphasis added).

15

on its facts' and gauge the propriety of granting leave to amend accordingly") (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 1430 (2d ed. 1990)).

### 3. Defendants' Request for Modification of the Scheduling Order

In six lines at the end of their opposition to Plaintiffs' motion and without citing any authority, Defendants assert that if the Court grants Plaintiffs' motion, Defendants "request that this Court continue the trial for 12 months and modify the existing Scheduling Order accordingly." (Doc. 40 at 7.) Plaintiffs oppose this request noting that fact discovery is open until December 13, 2019, and trial is not until May 19, 2020. (Doc. 41 at 8.)

Requests to modify a scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which provides that a scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Here, Defendants' speculative assertion that they will need to "search for new documents," "make further settlement efforts," amend their counter-complaint, and file relevant motions, is premature and fails to demonstrate good cause for amending the Scheduling Order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). As there are nine months until the fact discovery cut-off and Defendants have ample time to complete any necessary additional discovery, the Court denies Defendants' request to modify the Scheduling Order without prejudice, subject to renewal at a later date, if appropriate.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby ORDERS:

1. Plaintiffs' motion to amend the complaint (Doc. 36), is GRANTED

2. Plaintiffs SHALL file their First Amended Complaint, which was attached as Exhibit A to their motion to amend the complaint (Doc. 36-1), by no later than three days of the filing of this order;

16

| | |
|---|---|
| 1 | 3. Counter-Claimants' motion for leave to file a counter-complaint (Doc. 35), is |
| 2 | GRANTED; |
| 3 | 4. Counter-Claimants SHALL file their Counter-Complaint, which was attached as |
| 4 | Exhibit A to their motion for leave to file a counter-complaint (Doc. 35-3), by no |
| 5 | later than three days of the filing of this order; |
| 6 | 5. Each party SHALL respond to the opposing party's amended pleading within 21 |
| 7 | days after its filing. |

IT IS SO ORDERED.

Dated:   **March 19, 2019**                              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE