B. Christine Park, SBN234689
**CHRISTINE PARK LAW FIRM, APC**
11040 Bollinger Canyon Road, Suite E-202
San Ramon, CA 94582
Tel: (323) 578-6957; Fax: (213) 289-1977
boksoonpark@gmail.com
Attorneys for Defendants and Counter-Complainants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SU JUNG SHIN and HYUN JU SHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT YOUNG YOON; KYOUNG MEE YOON; KYOUNG SUP YOON; Y & Y PROPERTY MANAGEMENT, INC., THE VICTUS GROUP, INC.; BLACKSTONE SEATTLE, LLC; YOON & YOON INVESTMENTS, LLC; and DOES 2 through 20, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00381 AWI SKO<br><br>Complaint Filed: March 21, 2018<br>Trial Date: May 19, 2020<br><br>**STIPULATION AND ORDER RE: GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE, SECTIONS 877** *et seq.*<br><br>**[**Submitted concurrently with Notice of Settlement; Stipulation and [Proposed] Order re: Stay of Entire Case Against Remaining Parties; and [Proposed] Stipulated Judgment**]** |
| BOB YOUNG YOON, erroneously sued as Robert Young Yoon, as an individual and as a successor-in interest to Young Soon Yoon's estate; Y&Y PROPERTY MANAGEMENT, INC., a California Corporation; KYOUNG MEE YOON, an individual; and KYOUNG SUP YOON, an individual,<br><br>Counter-Complainants,<br><br>v.<br><br>SU JUNG SHIN, an individual, and HYUN JU SHIN, an individual,<br><br>Counter-Defendants. | |

A signed version of the following stipulation was filed on August 28, 2019:

**STIPULATION OF GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE, SECTIONS 877** *et seq.*

**STIPULATION FOR GOOD FAITH SETTLEMENT**

IT IS HEREBY STIPULATED by and between Plaintiffs SU JUNG SHIN and HYUN JU SHIN (collectively, "Plaintiffs") and Defendants, BOB YOUNG YOON ("BOB"), Y&Y PROPERTY MANAGEMENT, INC. ("YY PROPERTY"), YOON & YOON INVESTMENTS, LLC ("YYI"), THE VICTUS GROUP, INC. ("VICTUS"), BLACKSTONE SEATTLE, LLC ("BLACKSTONE"), KYOUNG SUP YOON ("SUP") AND KYOUNG MEE YOON ("MEE") (collectively, "Defendants") (altogether, "Parties"), through their counsel of record, as follows:

1. Defendants have settled with Plaintiffs for the payment of one million and seven hundred thousand dollars ($1,700,000.00), through a Stipulated Judgment against Defendants Bob Young Yoon, YYI and YYPM. Rather than incur the burden, expense, and delay in seeking a judicial determination of good faith settlement pursuant to California Code of Civil Procedure sections 877 and 877.6, the parties agree that the settlement of Defendants and Plaintiffs is in good faith under these code sections.

2. All parties to this matter agree that the settlement entered into between Plaintiffs and Defendants complies with the factors and considerations set forth in *Tech-Built, Inc. v. Woodward-Clyde & Associates* (1985) 37 Cal.3d 488 and its progeny.

3. California Code of Civil Procedure section 877 et seq., rather than federal common law, governs the determination of whether the settlement entered into by and between the Plaintiffs and Defendants is in good faith. Where, as here, "a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." (*Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l*, 632 F.3d 1056, 1060 (9th Cir. 2011); *Galam v. Carmel (In re Larry's Apartment)*, 249 F.3d 832, 837 (9th Cir. 2001) ("It is well established that [u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law" (internal quotations and citations omitted).) "California Code of

Civil Procedure section 877 constitutes state substantive law." *Mason & Dixon Intermodal, Inc.*, 632 F.3d at 1060 (holding the district court correctly applied California Code of Civil Procedure section 877 as state substantive law to resolve motion to dismiss pursuant to good faith settlement); *Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that California Code of Civil Procedure section 877 constitutes substantive law); See also *Federal Savings and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) and *Yanez v. United States,* 989 F.2d 323, 327-28 (9th Cir. 1993.)

4. The parties to this matter also agree that, pursuant to the California Code of Civil Procedure §877.6(c), all past, present, and future claims by any other party, or any other joint tortfeasor or co-obligor, including non-parties to this action, for any claims of equitable comparative contribution or partial or comparative indemnity, based on comparative negligence or comparative fault, against Defendants are barred.

5. The parties to this matter agree that the filing of an application and/or motion for determination of good faith settlement would be a waste of client and judicial resources. Therefore, the parties waive notice of any submission of this stipulation for approval by the Court, whether on an ex parte basis or by formal noticed motion, because there is no opposition to Defendants seeking an order that the settlement is in good faith.

6. Pursuant to California Code of Civil Procedure sections 877 and 877.6, all further Claims against Defendants for equitable comparative contribution, or partial or comparative indemnity shall be barred.

7. This Stipulation may be presented with separate signature pages and by facsimile.

Dated:  August 20, 2019  CHRISTINE PARK LAW FIRM, APC

By: _____
B. Christine Park, Esq.
Attorney for Defendants and Counter-Complainants Bob Young Yoon, YY Property Management, Inc., Kyoung Mee Yoon, Kyoung Sup Yoon, The Victus Group, Inc., Yoon & Yoon Investments, LLC, and Blackstone Seattle, LLC

Dated: August __, 2019              GOLDBERG SEGALLA, LLP

By: _____
David Y. Choi, Esq.
Attorney for Plaintiffs and Counter-Defendants Su Jung Shin and Hyun Ju Shin

After consideration, the Court will give effect to the above stipulation.

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated STIPULATION is sanctioned by the Court and shall be and now is the Order of the Court. The Settlement Agreement between Plaintiffs and SU JUNG SHIN and HYUN JU SHIN (collectively, "Plaintiffs") and Defendants, BOB YOUNG YOON, Y&Y PROPERTY MANAGEMNET, INC., YOON & YOON INVESTMENTS, LLC, THE VICTUS GROUP, INC., BLACKSTONE SEATTLE, LLC, KYOUNG SUP YOON and KYOUNG MEE YOON (collectively, "Defendants") (altogether, "Parties") is hereby deemed to be a good faith settlement within the meaning and effect of California Code of Civil Procedure §§ 877 and 877.6. Any further claims of any other claimant relating to the subject matter of this lawsuit against the Defendants for equitable comparative contribution, or partial or comparative

indemnity, based on comparative negligence or comparative fault are hereby barred and dismissed with prejudice pursuant to Code of Civil Procedure Section 877.6, subdivision (c).

IT IS SO ORDERED.

Dated: September 10, 2019

_____
SENIOR DISTRICT JUDGE

5
**STIPULATION OF GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE, SECTIONS 877** *et seq.*