**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SU JUNG SHIN and HYUN JU SHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT YOUNG YOON, et al.,<br><br>Defendants. | CASE NO. 1:18-CV-00381-AWI-SKO<br><br>**ORDER DENYING MOTION FOR DELAYED PERFORMANCE**<br><br>(Doc. No. 82) |
| BOB YOUNG YOON, et al.,<br><br>Counter-Claimants,<br><br>v.<br><br>SU JUNG SHIN and HYUN JU SHIN,<br><br>Counter-Defendants. | |

Plaintiffs Su Jung Shin and Hyun Ju Shin ("Plaintiffs") brought this action against Robert Young Yoon (Yoon), Y&Y Property Management, Inc. ("YYPM"), Yoon & Yoon Investments, LLC ("Yoon & Yoon"), Kyoung Mee Yoon, Kyoung Sup Yoon, Blackstone Seattle, LLC ("Blackstone") and The Victus Group, Inc. (together "Defendants") in connection with various business transactions involving hospitality properties. The case settled and in September 2019, the Court ordered entry of a stipulated judgment (the "Stipulated Judgment") against Yoon, YYPM and Yoon & Yoon (together, the "Judgment Debtors"), while otherwise staying the case. In the motion at bar, Judgment Debtors seek an order delaying their payment obligations under the Stipulated Judgment for one year without interest or penalties. For the reasons set forth below, the

Court will deny the motion in its entirety.

## **BACKGROUND**[1]

As alleged in the Complaint, Plaintiffs engaged in various hospitality-related business transactions involving Defendants, in which Defendants violated duties while wrongfully depriving Plaintiffs of investment capital and other assets. Doc. No. 1. Plaintiffs sued Defendants in this Court in 2017, alleging breach of fiduciary duty, conversion, intentional misrepresentation and related claims. Id.

On August 23, 2019, the Parties filed a notice of settlement, Doc. No. 52, and on September 10 and 11, 2019, the Court issued stipulated orders: (i) sanctioning settlement under Sections 877 and 877.6 of the California Code of Civil Procedure, Doc. No. 58; (ii) directing entry of the Stipulated Judgment, requiring Yoon, YYPM and Yoon & Yoon (together, "Judgment Debtors") to pay Plaintiffs $1,700,000 in four installments over a period of approximately one year, Doc. No. 59; and otherwise staying the action until October 30, 2020. Doc. No. 60.

The payment schedule in the Stipulated Judgment calls for a payment of $50,000 within 60 days of entry of judgment; a second payment of $50,000 within 180 days of entry of judgment; a third payment of $50,000 within 270 days of entry of judgment; and a fourth and final payment of $1,550,000—"plus any outstanding amount owed, including accrued interest"—by October 30, 2020. Doc. No. 59 at 3. Further, the Stipulated Judgment provides for interest at a rate of 10% per annum on payments due but not made up to October 30, 2020, and states that the Judgment Debtors must pay Plaintiffs (in lieu of interest) $25,000 per month for every month from October 30, 2020 forward in which any portion of the monies due under the Stipulated Judgment remain unpaid. Id. at 3-4.

Judgment Debtors made the first two payments in full and on time, but did not make the third payment (which was due on June 8, 2020) "due to economic hardship" and state that they are also unable to make the payment due on October 30, 2020.[2] See Doc. No. 82-2 ¶¶ 3-4.

---

[1] Plaintiffs raise evidentiary objections to declarations submitted in support of the instant motion. Doc. Nos. 84-1, 84-2 and 84-3. The Court did not rely on the statements at issue in deciding the motion and therefore overrules Plaintiffs objections as moot.

[2] Defendants filed a parallel motion for delayed performance in a companion case captioned *Su Jung Shin v. Robert Yoon et al.*, Case No. 1:17-cv-01371-AWI-SKO ("Holiday Inn Case"), seeking relief from a stipulated judgment

**JUDGMENT DEBTORS' MOTION**

*Judgment Debtors' Argument*

Judgment Debtors seek an order providing a one-year extension on remaining payments under the Stipulated Judgment, without interest or penalties. They argue that performance of their payment obligations under the Stipulated Judgment is currently impossible because the COVID-19 pandemic thwarted the sale of a Best Western Village Inn owned by YYPM (the "Best Western Property") and that other assets— including a Tides Inn, a Quality Inn and Yoon's personal residence—cannot be sold at a price sufficient to cover payments required under the Stipulated Judgment. Doc. No. 82-1, Part II.C. According to Judgment Debtors, "all parties anticipated and agreed that the sale of [the Best Western Property] would fund a significant portion" of the Stipulated Judgment in this case (as well as the stipulated judgment in *Su Jung Shin v. Robert Yoon et al.*, Case No. 1:17-cv-01371-AWI-SKO (the "Holiday Inn Case")). No. 82-1 at 6:28–7:9.

Judgment Debtors further contend that "the COVID-19 Pandemic of 2020 and subsequent lockdowns are each undeniably force majeure," Doc. No. 82-1 at 12:28-13:2, and that performance is therefore excused under Section 1511 of the California Civil Code, which excuses contractual obligations where performance is "prevented or delayed by an irresistible, superhuman cause … unless the parties have expressly agreed to the contrary." Id. at 13:21-14:2. Further, Judgment Debtors argue that the sale of the Best Western Property is a condition precedent to the payment obligations set forth in the Stipulated Judgment and that Section 1441 of the California Civil Code "voids a condition precedent when its fulfillment is impossible" or excessively onerous. Id. at 14:15-21.

*Plaintiffs' Opposition*

Plaintiffs argue that the Court does not have "jurisdiction" to amend the Stipulated Judgment because the "extraordinary circumstances" required for relief under Rule 60(b)(6) of the

---

calling for payment of $200,000 in four installments. The papers filed by Defendants in connection with this motion generally lump payment obligations under the stipulated judgment in the Holiday Inn Case together with payment obligations under the Stipulated Judgment in this case because the two stipulated judgments arose from the same settlement. Thus, payment amounts referenced in this order, which are specific to the Stipulated Judgment in this case, do not always tie to payment amounts referenced in Defendants' filings. This order speaks only to Judgment Debtors' request for relief from the Stipulated Judgment in this case. The request for relief from the stipulated judgment in the Holiday Inn Case is addressed through a separate order in the Holiday Inn Case.

1  Federal Rules of Civil Procedure[3] are not present here, and because this motion was not brought
2  within 28 days of the Stipulated Judgment—and does not request modification based upon a
3  mistake of the Court—as required for Rule 59(e) to apply. Doc. No. 84, Part III.A. Further,
4  Plaintiffs assert that contractual defenses do not apply to a final entered judgment, id., Part III.B.,
5  and that in any event, the sale of the Best Western Property is neither impossible nor a condition
6  precedent to Judgment Debtors' payment obligations under the Stipulated Judgment. Id., Part
7  III.C.-D.

8  *Judgment Debtors' Reply*

9  Judgment Debtors argue on reply that the Court retained jurisdiction to modify judgments
10  in this case under the express terms of the Stipulated Judgment and that Rule 60(b)(6) of the
11  Federal Rules of Civil Procedure gives courts "wide discretion in providing relief from a judgment
12  that has been entered." Doc. No. 85 at 3:2-12. Further, Judgment Debtors argue that contract
13  defenses apply to the Stipulated Judgment because it is based on a settlement agreement and
14  "[c]ase law dictates that a stipulated judgment be treated like a contract." Id., Part III. Finally,
15  Judgment Debtors restate their arguments that performance of their payment obligations is
16  impossible, for purposes of contract law, because sale of the Best Western Property would
17  "require excessive and unreasonable expense," id. at 7:19-25, and that their payment obligations
18  under the Stipulated Judgment are conditioned on the sale of the Best Western Property because
19  "the Parties knew that the [Stipulated Judgment] could not be paid unless the [Best Western]
20  Property was sold …." Id. at 9:4-9.

21  The Court will first address the legal framework for this motion and then determine
22  whether the relief Judgment Debtors are seeking is warranted under applicable law.

23  **LEGAL FRAMEWORK**

24  As noted above, Judgment Debtors assert that contract defenses apply to the Stipulated
25  Judgment and that the Court can also grant relief under Rule 60(b)(6) of the Federal Rules of Civil
26  Procedure,[4] while Plaintiffs take the position that contract defenses do not apply to the Stipulated

27
28
---
[3] Unless otherwise indicated, "Rule," as used herein, refers to the Federal Rules of Civil Procedure.
[4] Judgment Debtors do not assert that Rule 59(e) is applicable to their request for relief and, thus, the Court does not address Rule 59(e) in this order, notwithstanding brief argument relating Rule 59(e) in Plaintiffs' opposition.

4

Judgment and that the Court "lacks jurisdiction" to grant relief under the Federal Rules of Civil Procedure.

*Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981) was similar, in pertinent respects, to the case at bar. There, appellant sought reversal of $40,000 in damages awarded by the district court under the liquidated damages provision in a "Judgment Pursuant to Stipulation" enjoining the appellant from the distribution of certain copyrighted films. Id. at 1339-40. Appellant argued that "because the judgment was entered by consent of the parties it should have the effect of a contract rather than a judgment" and that "the damages provision [wa]s an unenforceable penalty under California law." Id. at 1340 (also referencing appellant's contention that "[a]s a contract," "the validity of [the judgment's] terms would be evaluated under California law"). In rejecting that argument, the Ninth Circuit stated as follows:

> We need not determine the validity of the damages provision under California law because we do not agree with [appellant's] interpretation of the effect of a judgment pursuant to the stipulation of the parties. Instead, we follow the mandate of *United States v. Swift & Co.*, 286 U.S. 106, 115 [] (1932), by "reject(ing) the argument ... that a decree entered upon consent is to be treated as a contract and not as a judicial act." Relief from any provision of the original judgment thus must be considered under Rule 60 of the Federal Rules of Civil Procedure rather than under a contract law analysis.

Id.

Judgment Debtors cite several cases for the proposition that a stipulated judgment must be "construed as any contract" because it is the product of negotiation among parties. Doc. No. 85, Part III. Those cases, however, go solely to the question of how to interpret the terms of a stipulated judgment. They do not address the validity or enforcement of terms in a stipulated judgment or, more specifically, the question of whether contract defenses can excuse obligations under a stipulated judgment as those obligations are construed by a court. In *Rappenecker v. Sea-Land Serv., Inc.*, 93 Cal. App. 3d 256 (1979), for example, the California Court of Appeal merely held that a stipulated judgment that was silent on costs could not be read to preclude recovery of costs by statute. Id. at 263. And in *Kinzli v. City of Santa Cruz*, 539 F. Supp. 887 (N.D. Cal. 1982), similarly, the court merely held that contract principles could be used to furnish missing terms

5

(like the amount of time allowed for performance) and that extrinsic evidence is admissible to resolve ambiguity as to obligations under a stipulated judgment. Id. at 900-01.

Thus, while the Court agrees with Judgment Debtors that contract principles apply in determining what the Stipulated Judgment says, the Court finds—consistent with Ninth Circuit precedent—that the Stipulated Judgment is a judicial act and that, accordingly, "[r]elief from any provision" of the Stipulated Judgment "must be considered under Rule 60 of the Federal Rules of Civil Procedure rather than under a contract law analysis." See Dunnahoo, 637 F.2d at 1340 (emphasis added). Merely proving a contract defense such as impossibility of performance, in other words, is not enough. See Rizzolo v. Henry, 2014 WL 6772950, at *1 (D. Nev. Dec. 2, 2014) (declining to entertain contract defenses to a settlement agreement after the settlement agreement had been reduced to judgment). Judgment Debtors must satisfy applicable Rule 60 standards for relief. Cf. Fleming v. Huebsch Laundry Corp., 159 F.2d 581, 585 (7th Cir. 1947) (applying Rule 60 to a consent judgment).

Finally, the Court expressly retained jurisdiction over motions relating to the Stipulated Judgment, Doc. No. 59 at 10:12-15, and this motion was brought in a timely fashion—less than one year after entry of the Stipulated Judgment and as the economic hardship that putatively precludes performance of Judgment Debtors' obligations under the Stipulated Judgment arose. See Fed.R.Civ.P. 60(c)(1). The Court, therefore, can properly decide whether the relief sought by Judgment Debtors is warranted and will do so here. See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1474-75 (9th Cir. 1986).

**DISCUSSION**

In the interest of thoroughness, the Court will first consider whether relief is proper under Rule 60(b) and then look at the question of whether the contract defenses asserted by Judgment Debtors could provide relief if they were applicable.

**I.     Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b). Neither side disputes that the bases for relief set forth in Rules 60(b)(1)-(5) are obviously inapplicable here, and consequently, the determination as to whether Judgment Debtors are entitled to relief from the payment schedule, interest payments and penalties in the Stipulated Judgment must be analyzed under the "so-called catch-all" provision, Rule 60(b)(6). See Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008); see also, Dunnahoo, 637 F.2d at 1340–41 (analyzing motion for relief from damages provision in stipulated judgment under Rule 60(b)(6) on a finding that no other Rule 60(b) provisions applied).

"Judgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Fantasyland Video, Inc. v. Cty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993)) (internal quotation marks omitted). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion.' " Latshaw, 452 F.3d at 1103 (quoting Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Here, Judgment Debtors argue solely that the payment schedule in the Stipulated Judgment should be modified and that they should be relieved of provisions relating to penalties and interest because conditions arising subsequent to entry of the Stipulated Judgment—namely COVID-19 and the corresponding economic shut-down—have reduced the value and liquidity of their assets and, thus, rendered Judgment Debtors incapable of making the remaining payments due under the Stipulated Judgment on time. This simply has nothing to do with improprieties in the proceedings that culminated in the Stipulated Judgment or defects in the Stipulated Judgment itself. See Fantasyland Video, 505 F.3d at 1005. Indeed, the proceedings were resolved through voluntary settlement—not contest—and the terms of the Stipulated Judgment were furnished *verbatim* by the Parties (including the Judgment Debtors) themselves. See Hoffman v. Celebrezze, 405 F.2d

7

833, 836 (8th Cir. 1969) (finding that "[p]arties are generally bound by their agreements made in court" and that "the fact that the judgment was entered by consent" provided "[a]n additional reason" why modification of the judgment under Rule 60(b)(6) to remove an interest provision was "inappropriate").

Moreover, even under an elastic application of Rule 60(b)(6), the Court does not see an "injury" here sufficient to merit the extraordinary relief Judgment Debtors are seeking. In the settlement underlying the Stipulated Judgment, the Parties expressly contemplated the possibility that Judgment Debtors would fail to make payments on time and agreed, in anticipation of that eventuality, that Plaintiffs would be entitled to interest at a rate of 10% per annum on amounts due but not paid up to October 30, 2020 and a payment of $25,000 for each month from October 30, 2020 forward in which amounts due under the settlement remained unpaid.[5] Stripping Plaintiffs of such protections after they settled this action in reliance on them would arguably constitute "manifest injustice," but requiring Judgment Debtors to honor obligations they agreed to— apparently in exchange for concessions as to the amount and timing of payments[6]—plainly does not. See Dunnahoo, 637 F.2d at 1341 (noting, in denying Rule 60(b)(6) relief, that the damages provision in question was "intentionally and deliberately included in the order [at issue] with the knowledge, consent and approval of all the parties," including appellant) (quoting Hoffman, 405 F.2d at 837).

The Court therefore finds that Judgment Debtors are not entitled under Rule 60(b)(6) to the relief they are seeking.

## II. Contract Defenses

As to contract defenses, the Court agrees with Plaintiffs that Judgment Debtors have not shown impossibility of performance or failure of a condition precedent, and that relief therefore

---

[5] Judgment Debtors assert that, absent the relief sought in this motion, they will be forced to liquidate assets "for a fraction of their worth." Doc. No. 85 at 4:14-21. The Stipulated Judgment, however, does not mandate the sale of assets at this juncture. It merely imposes interest and penalties—in amounts agreed to *a priori* by Judgment Debtors— for late payment.

[6] See Doc. No. 56 at 5:22-6:2 ("It is the position of [Plaintiffs] that defendants caused [Plaintiffs] damages substantially greater than the amounts that the Judgment Debtors are obligated to pay under the Judgment. That being said, [Plaintiffs] are willing to accept the lower sum set forth in the Judgment in consideration for the full and timely compliance of all obligations of the Judgment Debtors set forth in the [Stipulated] Judgment.")

1  would not be available on either of those theories even if contract defenses applied to the
2  Stipulated Judgment.
3       As defined in Section 1436 of the California Civil Code, "[a] condition precedent is a
4  condition to be performed before a right dependent on it accrues or an act dependent on it is to be
5  performed." Cal. Civ. Code § 1436.  The Stipulated Judgment states, in pertinent part, that "the
6  Judgment Debtors represent that they will fund a significant portion of [their] payments" from the
7  sale of the Best Western Property, while further stating what expenses can be deducted from gross
8  sale proceeds; that "net sale proceeds [will] be disbursed directly from escrow to [Plaintiffs] to the
9  extent the [Stipulated Judgment] has not been satisfied in full"; and that Plaintiffs will "act in good
10 faith and cooperate with the Defendants to effectuate sale …." Doc. No. 59, Section 1.5. On their
11 faces, these terms merely govern the manner in which pertinent aspects of the sale of the Best
12 Western Property are to be handled, and the Court sees nothing in the Stipulated Judgment that
13 could be read—particularly through the skeptical lens of California law—to mean that Judgment
14 Debtors have no obligation to make payments at all until the sale of the Best Western Property has
15 been consummated. See Colaco v. Cavotec SA, 25 Cal. App. 5th 1172, 1183, (2018)
16 ("[c]onditions precedent are not favored in the law [citations], and courts shall not construe a term
17 of the contract so as to establish a condition precedent absent plain and unambiguous contract
18 language to that effect" (citation and internal quotation marks omitted)). Indeed, Judgment
19 Debtors made two of the four payments required under the Stipulated Judgment despite the fact
20 that the Best Western Property has not yet been sold and expressly state that they have explored
21 selling other assets—including the Tide Inn, the Quality Inn and Yoon's personal residence—to
22 satisfy the Stipulated Judgment. Thus, Judgment Debtors' condition precedent theory is without
23 merit and Judgment Debtors' payment obligations could not be excused on that basis even if
24 contract defenses applied to the Stipulated Judgment.
25      As to impossibility of performance, it is settled law that "[t]he duty of a promisor is never
26 discharged ... by the mere fact that supervening events deprive him of the ability to perform, if
27 they are not such as to deprive other persons, likewise, of ability to render such a performance."
28 United States v. Grayson, 879 F.2d 620, 624 (9th Cir. 1989) (quoting 6 A. Corbin, Corbin on

9

Contracts § 1332 at 361 (2d ed. 1962)); see also, Ashker v. Sayre, 2010 WL 476634, at *3 (N.D. Cal. Feb. 4, 2010) (finding that "subjective impossibility" specific to the promising party "does not excuse non-performance of a contract") (citation omitted).  The motion states that "[t]he Pandemic has caused it [to be] either impossible or almost impossible for the Judgment Debtors to timely pay the remainder of the Judgment installments," Doc. No. 82-1 at 15:7-8, and that "as a result of the Pandemic, [Yoon] cannot sell any of his hotels for a sufficient price to pay off the loans and pay" the Stipulated Judgment. Doc. No. 85 at 7:10-13. The fact that Judgment Debtors are currently unable to raise the funds necessary to make the two payments still due under the Stipulated Judgment, however, obviously does not mean that COVID-19 has "likewise" deprived "other persons" of the ability to make such payments. Judgment Debtors have not made—and cannot make—such a showing and thus fail to establish an impossibility defense. See Grayson, 879 F.2d at 624 (finding that the impossibility of performance defense did not apply where guarantors "were unable to discharge their duty under [a] guaranty agreement," because guarantors had not shown that "payment [] of the amounts due was objectively impossible").

The Court therefore finds that, even if contract defenses were applicable to the Stipulated Judgment, Judgment Debtors have failed to show that they are excused from their obligations.

## CONCLUSION

In sum, Judgment Debtors are not excused from performance of their payment obligations under either Rule 60(b) of the Federal Rules of Civil Procedure or under the contract defenses they have asserted. The Court will, therefore, deny the motion.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Judgment Debtors' motion for an order delaying performance of the Stipulated Judgment (Doc. No. 82) is DENIED with prejudice.

IT IS SO ORDERED.

Dated:   October 13, 2020                                    _____
                                                             SENIOR DISTRICT JUDGE