UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SU JUNG SHIN and HYUN JU SHIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT YOUNG YOON, et al.,<br><br>    Defendants. | CASE NO. 1:18-CV-00381-AWI-SKO<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |
| BOB YOUNG YOON,<br><br>    Counter-Claimants,<br><br>    v.<br><br>HYUN JU SHIN,<br><br>    Counter-Defendants. | |

This case was brought in 2018 by Su Jung Shin and Hyun Ju Shin ("Plaintiffs") against multiple defendants, including Robert ("Bob") Young Yoon, Kyoung Mee Yoon, Kyoung Sup Yoon, Y&Y Property Management, Inc., The Victus Group, Inc., Blackstone Seattle, LLC, and Yoon & Yoon Investments, LLC (together, "Defendants"). Doc. No. 1. In 2019, Bob Young Yoon, Y&Y Property Management, Kyoung Mee Yoon and Kyoung Sup Yoon brought counterclaims against Plaintiffs. Doc. Nos. 45 & 46.

On March 4, 2021, Plaintiffs filed Judicial Council of California Form EJ-100, which is

entitled "Acknowledgement of Satisfaction of Judgment." Doc. No. 89. It appears that this filing may have been intended to convey that the stipulated judgment that was ordered by the Court on September 10, 2019, <u>see</u> Doc. No. 59, has been satisfied. The form in question, however, is for use in California state court and the Court cannot determine—beyond mere surmise—what outcome Plaintiffs intended to effect by filing it, without explanation, in this federal forum. Moreover, the stipulated judgment to which the form appears to relate does not purport to resolve claims against all Defendants and may not resolve all counterclaims. <u>See</u> Doc. Nos. 56 & 57.

In any event, there has been no docketed activity in this case of any kind since the form was filed on March 4, 2021. <u>See</u> Doc. No. 89.

Accordingly, IT IS HEREBY ORDERED that any party wishing to continue this case in any fashion shall SHOW CAUSE in writing **within 10 calendar days of the date of electronic service of this order** why the Court should not dismiss all remaining claims and /or counterclaims with prejudice for failure to prosecute. If the required showing is not made within the specified period of time, all remaining claims and / or counterclaims will be DISMISSED WITH PREJUDICE and this case will be CLOSED, without further notice to the parties. <u>See</u> <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423-24 (9th Cir. 1986) (affirming dismissal with prejudice for lack of prosecution).

IT IS SO ORDERED.

Dated:   March 7, 2023

SENIOR  DISTRICT  JUDGE